IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION** | § | |
| | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Case No. 7:24-cv-00390** |
| | § | |
| **HOBERT LEE SMITH AND** | § | |
| **MIRIAM SMITH** | § | |
| | § | |
| **Defendants** | § | |

## COMPLAINT

U.S. Bank National Association, successor by merger with U.S. Bank National Association, ND ("U.S. Bank") complains of Defendants Hobert Lee Smith and Miriam Smith (collectively "Smith's") and for cause of action respectfully show the Court the following:

### I.     Jurisdiction and Venue

1.      The court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 1332; Diversity of Citizenship. Plaintiff is a wholly owned subsidiary of U.S. Bancorp, a Minnesota Corporation.  For diversity purposes, Plaintiff is a citizen of the state of Minnesota. Defendants are citizens of the State of Texas. This proceeding concerns the title to realty with a value of at least $534,533.12. Venue is proper in this Court because the property at issue is located within Hidalgo County, Texas 28 U.S.C. §1391(b)(2).  Accordingly,  28 U.S.C. §124(b)(4) fixes venue within the McAllen Division of the United States District court for the Southern District of Texas.

### Parties

2.      U.S. Bank may be contacted or served with papers through its undersigned attorneys.

3.      Defendant, Hobert Lee Smith is an individual residing at 2013 Pecos Street, Mission, Texas 78572.  Mr. Smith will be personally served at his home address or wherever he may be found.

4.      Defendant, Miriam Smith is an individual residing at 2013 Pecos Street, Mission, Texas 78572.  Mrs. Smith will be personally served at her home address. or wherever she may be found.

## II.      Background and Title Facts

### A. THE LOAN AND DEFAULT

5.      By Warranty Deed with Vendor's Lien dated August 14, 2007 CMRT, Ltd. As Grantor conveyed the following described Hidalgo County real property to Defendants, Hobert Lee Smith and Miriam Smith:

> LOT TWO (2), VINEYARD ESTATES SUBDIVISION PHASE 1, AN ADDITION TO THE CITY OF MCALLEN, HIDALGO COUNTY, TEXAS, AS PER MAP OR PLAT RECORDED IN VOLUME 52, PAGE 68, MAP RECORDS OF HIDALGO COUNTY, TEXAS, TO WHICH REFERENCE IS HEREBY MADE FOR ALL PERTINENT PURPOSES.

More commonly known as 4132 Consentino Ct., McAllen, TX 78504, Defendants' former homestead and principal residence ("Property").  The Warranty Deed with Vendor's Lien was recorded on August 21, 2007 under Hidalgo County Clerk's Document No. 2007-1796972.

6.      On January 26, 2011, the Defendants signed a $560,000.00 first lien Texas Home Equity Note ("Note") payable to U.S. Bank N.A. ND.[1] Repayment of the Note was secured by a Texas Home Equity Security Instrument ("Security Instrument"). Through the Security Agreement, Defendants conveyed a lien interest to U.S. Bank in the Property.

---

[1] In OCC Control No. 2013-CE-02-0009, on April 17, 2013,  the Office of the Comptroller of the Currency approved a merger of U.S. Bank National Association ND with and into U.S. Bank  with U.S. Bank as the surviving entity.

### B. THE FORECLOSURE CASE

7.      Defendants defaulted on the loan by failing to pay as agreed.  U.S. Bank sought foreclosure through the Hidalgo County district Courts pursuant to Tex. R. Civ. P. 736, the rule providing a quasi-judicial procedure for foreclosure of certain liens, including liens securing home equity lending.  The foreclosure proceeding was assigned to the 92ND Judicial district Court of Hidalgo County, Texas, under cause number C-2709-19-A, styled *In re: Order for Foreclosure Concerning 4132 Consentino Ct McAllen, TX 78504 Under Tex. R. Civ. P. 736 Petitioner U.S. Bank NA Respondent(s) Hobert Lee Smith and Miriam Smith* ("Foreclosure Case")*.*  Despite service as required by the rule, the Smith's failed to appear or defend and on October 21, 2019, the Court signed its *Default Order* permitting U.S. Bank to sell the Property by notice and posting in accordance with the loan agreement and Texas law.

### C. THE FIRST STATE COURT CASE

8.      Upon entry of the Default Order, U.S. Bank proceeded with scheduling an auction of the Property.  Shortly before the sale date, Defendants filed an Original Petition in the 389th Judicial District Court of Hidalgo County, Texas, styled *Hobert Lee Smith v. US Bank National Association as Successor by Merger to US Bank National Association ND*, Cause No. C-0398-23-H ("First State Court Case").  According to Texas Rule of Civil Procedure 736.11, the First State Court Case effectively stayed the auction of the Property scheduled by U. S. Bank under the Default Order.

### D. REMOVAL AND DISMISSAL

9.      U.S. Bank removed the First State Court Case to this Court on February 22, 2023, under Civil Action No. 7:23-cv-00064 ("Removed Case").  This Court dismissed the Removed Case on U.S. Bank's Motion to Dismiss by order dated April 11, 2023 (Removed Case doc. 11).

E. **THE SECOND STATE COURT CASE**

10.     After the Removed Case was dismissed, U.S. Bank sought sale of the Property again pursuant to the Default Order in the Foreclosure Case.  As before, on July 3, 2023, shortly before the scheduled auction, Hobert Lee Smith filed case number C-2606-23-C, styled *Hobert Lee Smith, Plaintiff vs. Connie Cobb, as Substitute Trustee, Defendant* in the 139TH Hidalgo County District Court ("Second State Court Case").  The Second State Court Case had the same effect as the First State Court Case, namely staying an auction of the Property.  Since filing the Second State Cout Case, Hobert Lee Smith has taken no action to perfect service of process or any other action to prosecute the litigation.

11.     On both state court case occasions, the Smith's were represented by Juan Angel Guerra, an attorney of notoriety with whom many of the Courts in the Southern District and some in the Northern District are familiar.  In case number 1:19-cv-113, *Garcia v. Metro. Life Ins. Co.,* ("Garcia") a matter brought in the Brownsville Division, Hon. Ronald G. Morgan, United States Magistrate recounted numerous times where Juan Angel Guerra, on behalf of homeowners similarly situated to the Smith's, filed specious claims and causes like the First and Second State Court cases; matters having no merit and brought for no other purpose save delaying foreclosure.  In his Report and Recommendation on the Plaintiff in the Garcia case, Judge Morgan cited to approximately thirty cases in the Southern District and another case in the Northern District where Mr. Guerra sought similar stays of foreclosure based on like specious claims and allegations.  In the report and recommendation, Judge Morgan also remarked that even after being sanctioned for nearly $6,000.00, Mr. Guerra persists in filing the meritless claims that are the First and Second State Court Cases. [2]

---

[2] In an Order Imposing Additional Sanctions entered on December 4, 2020 in the *Garcia v. Metro* Life case, United States District Judge Fernando Rodriguez, Jr. barred Juan Angel Guerra until further order of

**F.  NEED FOR THIS COURT'S INTERVENTION**

12.      Despite actions taken by federal courts to address the conduct of Mr. Guerra, Mr. his state Court activity is unabated.  U.S. Bank is confident that if left unchecked and if left to proceed in state forums, Defendants and their counsel will continue the same pattern and practice of filing cases and abandoning lawsuits in order to obtain stays required under Texas law and continue to thwart and avoid sale of the Property to the continuing detriment of U.S. Bank.  U.S. Bank asserts that without this Court's oversight and intervention, Hobert Lee Smith and Miriam Smith, possibly along with their counsel Juan Angel Guerra will continue with like abuses of state court procedures in the future all in a continuing effort to frustrate and thwart U.S. Bank's rights and interest in the Property.

13.      By this Complaint, U.S. Bank seeks a judgment permitting a sale of the Property based on Defendants' default under the terms of the Note and Security Instrument.  U.S. Bank further requests that in the judgment to be signed by the Court, that judgment specify that prior to filing any additional or new cases in any Court, that the Smith's first be required to obtain leave from this Court to file such suit.  U.S. Bank further requests that should the Smith's disregard the Court's judgment and requirement for leave, that U.S. Bank be permitted to ignore any subsequently filed suit against U.S. Bank or trustees appointed to cry a sale, and be permitted to proceed with foreclosure and sale.

---

the Court.   The Order states that The Court will issue an Order enabling Mr. Guerra to again appear or practice in the Southern District of Texas once he files a Notice of Compliance with the Order Imposing Additional Sanctions.   To-date, and based on review of additional cases within the District, Mr. Guerra has not been relieved of his obligations and remains disbarred from practice in the District.   Additional review of Mr. Guerra's admission status in the District is indicated as "Inactive."

### III.    CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

14.    The Note and Security Instrument is an existent, valid contract between U.S. Bank and Defendants.  U.S. Bank has fully performed its obligations under the Note and Security Instrument, but Defendants have defaulted under the terms of the instruments by failing to perform material obligations required therein.   Defendants have not cured the default. Defendants have failed and continue to fail and refuse to make payments on the Note, have failed to perform under the terms of the contracts they signed and materially breached the contract. Defendants have committed monetary defaults under the terms of the Note and Security Instrument by failing to make a payment on the Note since August 2014.    U.S. Bank has performed under the terms of the agreement.    As a result of Defendants' breach, U.S. Bank is damaged in at least the sum of $1,123,626.60, as itemized below.

### A.  MONETARY DEFAULT

15.    For consideration, Defendants covenanted and agreed in the Note and Security Instrument to, for example, timely make all payments due and owing under the Note as and when due, to pay property taxes as they became due and owing, to keep the Property insured and to pay all assessments owing to Defendants' homeowners association.  Defendants breached these promises to the detriment of U.S. Bank.  Despite all required notices, Defendants remain in default on their obligations under the terms of the Note and Security Instrument.

16.    As a direct and proximate result of Defendants' default, U.S. Bank has been injured (which injury is continuing).  Accordingly U.S. Bank is entitled to pursue all remedies available to it under the Note and Security Instrument and at law and in equity to protect the value of U.S. Bank's collateral and to collect all amounts due and owing under the terms of the Note, Security Instrument, and the other loan documents, including, but not limited to, the

outstanding principal balance, pre-payment premiums, interest, late charges, tax and insurance amounts, and attorneys' fees, costs, and expenses incurred by U.S. Bank.

17.     The following sums are now due and owing to U.S. Bank through August 30, 2024:

a.      <u>Unpaid Principal Balance:</u>  $534,533.12;

b.      <u>Interest</u>:  $ 341,968.02, which continues to accrue at the Note rate of 6.4% per annum and will continue to accrue at the rate of $93.73 per diem;

c.      <u>Other Amounts Due Under Terms of the Loan</u>:  Pursuant to the terms of the Loan, U.S. Bank is entitled to judgment for the following additional recoverable amounts: amounts advanced for escrow, taxes, assessments, municipal and utility charges, late fees, loan fees, prior and current foreclosure expenses, property preservation or valuation expenses, insurance and repairs necessary to prevent impairment of the security, and other items which may constitute liens on the Property.  These amounts currently total $ 247,125.46;

d.      As of the date of the preparation of this petition, the amount due is $1,123,626.60.

18.     U.S. Bank requests judgment on the total sum of principal, accrued and accruing interest, late charges and advances, and any other charges secured by the Loan.

**B.  NON-MONETARY DEFAULTS**

19.     Covenant 17 of the Security Instrument provides as follows:

**If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.**

**If Lender exercises this option, Lender will give Borrower notice of acceleration.  The notice will provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to, or upon, the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower and will be entitled to collect all expenses incurred in pursuing such remedies, including, but not limited to: (a) reasonable attorneys' fees and costs; (b) property inspection and valuation fees; and (c) other fees incurred to protect Lender's Interest in the Property and/or rights under this Security Instrument.**

20.     The Smith's breached the Covenant.  By Warranty Deed dated August 22, 2022, Defendant Hobert Lee Smith conveyed his fee interest in the Property to Worldwide Investment Group, LLC, in violation of Covenant 17.  The Warranty Deed was recorded on October 21, 2022 in the Hidalgo County records under clerk's Document No. 3390825.  U.S Bank asserts that the conveyance was yet another attempt by Defendants to cloud title to the Property such that at foreclosure, the successful purchaser at sale would obtain fee title to the Property subject to the unresolved interest of Worldwide Investment, LLC.

21.     U.S. Bank exercises its option to accelerate the loan based on Hobert Lee Smith's conveyance of the Property to Worldwide Investments, LLC.  All conditions precedent to the exercise of the option have occurred.  By the non-monetary breach, U.S. Bank seeks all expenses incurred in pursuing the remedy, including, but not limited to: (a) reasonable attorneys' fees and costs; (b) property inspection and valuation fees; and (c) other fees incurred to protect U.S. Bank's interest in the Property and/or rights under the Security Instrument.

22.     For the monetary and non-monetary defaults, U.S. Bank requests that the Court sign a judgment, as further requested herein permitting U.S. Bank to foreclose its interest in the property in accordance with the loan agreement as well as Chapter 51 and other salient sections of the Texas Property Code  pertaining to foreclosure of liens on real property.

## SECOND CLAIM FOR RELIEF: DECLARATORY JUDGMENT

23.     Pleading in the alternative, US Bank brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202.

24.     US Bank and Defendants are persons in a case of actual controversy. US Bank requests that the Court declare the rights and other legal relations of US Bank, an interested party.

25.     All conditions precedent to this action occurred.

26.     This Court can determine any question of construction or validity arising under the Note, Security Instrument, statute, ordinance, contract, or franchise and allow the parties to obtain a declaration of rights, status, or other legal relations. Accordingly, US Bank seeks a declaratory judgment of this Court, pursuant to the laws of the forum state that the Default Judgment in the Foreclosure Proceeding remains a valid and subsisting order permitting U.S. Bank to foreclose its security interest in the Property

27.     U.S. Bank further requests that the Court declare that the Security Instrument is valid and still enforceable against the Property, and that U.S. Bank maintains a valid lien against the Property.

28.     U.S. Bank further requests that the Court declare that upon the completed foreclosure of the Security Instrument, any interest that Hobert Lee Smith and Miriam Smith may have in the Property will have been foreclosed and extinguished.

### THIRD CLAIM FOR RELIEF: JUDICIAL FORECLOSURE

29.     U.S. Bank, as the current legal owner and holder of the Note and the Security Instrument, has the right to enforce the instruments.  U.S. Bank has fully performed its obligations under the Note and Security Instrument, but Defendants have defaulted under the terms of the instruments by failing to perform material obligations required therein.  Defendants have not cured the default.

30.     U.S. Bank seeks a judgment allowing it to foreclose on the Property through a judgment for judicial foreclosure instructing a marshal, constable, or sheriff to seize and sell the Property in satisfaction of the judgment, and a declaration of U.S. Bank's right to the same pursuant to TEX. R. CIV. P. 309.  Alternatively, U.S. Bank requests that the judgment permit

foreclosure by notice of sale pursuant to Chapter 51 and other salient sections of the Texas Property Code  pertaining to foreclosure of liens on real property.

### FOURTH CLAIM FOR RELIEF: SUIT TO REMOVE CLOUD ON TITLE

31.     U.S. Bank, as the current legal owner and holder of the Note and the Security Instrument, has the right to enforce the instruments, specifically to seek removal of the cloud on title caused by Hobert Lee Smith's conveyance of his interest in the Property to Worldwide Investments, LLC.[3]

32.     The principal issue in a suit to remove a cloud from a title, or a suit to quiet title, is the existence of a cloud that equity will remove. The cause of action exists to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.

33.     As pleaded herein, U.S. Bank has an interest in the Property. Title to the Property is affected by an apparent partial fee title claim by the defunct Texas Limited Liability Company, Worldwide Investment, LLC.  By his  attempt to pass title, Holbert Lee Smith's conveyance to Worldwide Investment, LLC without the inclusion of Miriam Smith as a grantor created a cloud on title, which equity can remove. Any claim of Worldwide Investment, LLC, although perhaps facially valid is invalid and unenforceable. U.S. Bank requests that the Court sign a judgment removing the cloud on title that is Hobert Lee Smith's Warranty Deed to Worldwide Investment, LLC.

### CONDITIONS PRECEDENT

34.     All conditions precedent to U.S. Bank's claim for relief have been performed or have occurred.

---

[3] Worldwide Investments, LLC, a Texas limited liability company, forfeited its existence.  The Texas Secretary of State issued a notice of the forfeiture showing that the charter was forfeited on February 23, 2024.

**ATTORNEYS' FEES**

35.        U.S. Bank has retained McCarthy & Holthus, LLP and agreed to pay it reasonable fees and costs incurred related to this proceeding.  U.S. Bank is entitled to recover reasonable and necessary attorneys' fees that are equitable and just pursuant to the terms of the Note and Security Instrument and applicable statutes invoked by this proceeding permitting the recovery of fees.

**Prayer**

For these reasons, U.S. Bank prays this Court determine the respective rights of the parties and that upon final review, the Court sign a Judgment:

- that Defendants breached the terms of the Note and Security Instrument entitling U.S. Bank to foreclose;

- that the Default Judgment is effective to permit foreclosure;

- that U.S. Bank be allowed to proceed with foreclosure despite any further obstacles that Defendants may attempt to prevent foreclosure;

- that prior to bringing any additional litigation that may affect U.S. Bank's authority to foreclose, that Defendants firs seek approval from this Court;

- that removes the cloud on title that is Hobert Lee Smith's Warranty Deed to Worldwide Investment, LLC; and

- that awards U.S. Bank court costs and reasonable attorney's fees as allowed for bringing this suit.

U.S. Bank further requests all other relief, in law or in equity, to which it is justly entitled.

Respectfully Submitted,

**MCCARTHY HOLTHUS LLP**

_____

Robert L. Negrin / TBN: 14865550
SD No. 8843
Cole D. Patton / TBN: 24037247
1255 West 15th Street, Suite 1060
Plano, TX  75075
Phone: 214-291-3800
Fax: 214-291-3801
Rnegrin@mccarthyholthus.com

**ATTORNEYS FOR PLAINTIFF**
**U.S. BANK NATIONAL ASSOCIATION**